**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4560**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KENNY SMITH,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:10-cr-00747-DCN-1)

Submitted:  December 13, 2011          Decided:  December 27, 2011

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  William N. Nettles, United
States Attorney, Nick Bianchi, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Consonant with the terms of his conditional plea agreement, Kenny Smith appeals the district court's denial of his motion to suppress the fruits of a search of his residence as well as an incriminating statement he made during that search.  We affirm.

The district court's legal conclusions underlying a suppression determination are reviewed de novo while its factual findings are reviewed for clear error.  United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011).  Because the district court denied the motion to suppress, the evidence is construed on appeal in the light most favorable to the Government.  United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

Smith first attempts to suppress the fruits of the search of his residence.  Our review of the record persuades us that, regardless of whether the warrant was supported by probable cause at the time it was executed, any infirmity in the warrant was not so obvious as to render the officers' belief in the warrant's legitimacy "entirely unreasonable."  United States v. Leon, 468 U.S. 897, 923 (1984).  See also United States v. Doyle, 650 F.3d 460, 467 (4th Cir. 2011) (discussing the good faith exception to the exclusionary rule); United States v. Perez, 393 F.3d 457, 460 (4th Cir. 2004) (noting that an appellate court has discretion to decide the question of good

faith without ruling on whether the search warrant was in fact invalid for lack of probable cause).

Smith also argues that the district court improperly declined to suppress his statements regarding a firearm that had been seized during the search of his residence. Essentially, a subordinate officer recovered the firearm from the residence and then brought it to his superior officer, who was on the porch with Smith while the house was being searched. Upon seeing the firearm, Smith admitted that it belonged to him. Although Smith contends that the officers' conduct was the functional equivalent of police interrogation, United States v. Payne, 954 F.2d 199, 203 (4th Cir. 1992), compels the opposite conclusion. See also Arizona v. Mauro, 481 U.S. 520, 528 (1987); United States v. Kimbrough, 477 F.3d 144, 151 (4th Cir. 2007). Because Smith's statement was freely volunteered rather than the product of coercion, the district court properly denied Smith's motion to suppress his admissions regarding the seized firearm. Kimbrough, 477 F.3d at 150.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED

3